IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DENNIS WRIGHT                                                                                    PLAINTIFF

V.                                    CASE NO. 5:22-CV-5060

MADISON COUNTY REGIONAL WATER DISTRICT                           DEFENDANT

**OPINION AND ORDER**

This case involves Plaintiff Dennis Wright's claim that Defendant Madison County Regional Water District ("MCRWD") discriminated and retaliated against him in violation of the Age Discrimination in Employment Act ("ADEA"). MCRWD filed a Motion to Dismiss (Doc. 16) that raises a challenge to the Court's jurisdiction.[1] MCRWD believes it is entitled to Eleventh Amendment immunity from suit. To resolve the motion the Court must answer one question: Is MCRWD an arm of state government or is it some lesser entity—such as a city or county? For the reasons explained below, the Court finds that MCRWD is not an arm of the State of Arkansas, but rather a lesser entity that is not

---

[1] MCRWD initially argued that it lacked enough employees to be subject to the ADEA but has now dropped that argument. *See* Doc. 22, ¶ 1. According to the Supreme Court, "state and local governments"—including state political subdivisions—"are 'employer[s]' covered by the ADEA regardless of their size." *Mt. Lemmon Fire Dist. v. Guido*, 139 S. Ct. 22, 27 (2018). To the extent MCRWD now argues that it is a "local government," but not a "political subdivision," and therefore the ADEA is (somehow) inapplicable (Doc. 22, ¶ 2), the Court disagrees. In Arkansas, "a county is a political subdivision of the state for the more convenient administration of justice and exercise of local legislative authority related to county affairs and is defined as a body politic and corporate operating within specified geographic limitations established by law." Ark. Code Ann. §14-14-102. It stands to reason that an entity created by a political subdivision is a further political subdivision for purposes of *Mt. Lemmon's* extension of ADEA liability to state and local governments.

1

entitled to Eleventh Amendment immunity. Consequently, Defendant's Motion to Dismiss (Doc. 16) is **DENIED**.

According to the Complaint, MCRWD "is a public entity created by Madison County, Arkansas . . .". (Doc. 2, p. 1). Plaintiff further explains that Ark. Code. Ann. § 14-116-201 is the statutory scheme under which MCRWD was formed and that such public entities are not governed by the State, but rather "an autonomous board of directors," and further noting that MCRWD "receives income from water sales and does not receive state funding." (Doc. 19, pp. 1-2).[2] In its Reply, MCRWD does not contest this summary of its origin, operations, or organizational control. *See* Doc. 22.

"[An] important limit to the principle of sovereign immunity is that it bars suits against States but not lesser entities. The immunity does not extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State." *Alden v. Maine*, 527 U.S. 706, 756 (1999). "The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) (holding that the ADEA does not abrogate states' Eleventh Amendment immunity). However, a state's political subdivisions are not entitled to

---

[2] Upon meeting certain predicate requirements, "one hundred (100) or more qualified voters residing and owning lands situated within the boundaries of the water district proposed to be established under the provisions of this chapter may petition the circuit court in the county to establish a water district for the purposes set out in this section." Ark. Code Ann. § 14-116-201(a). An entity created by this statutory authority is classified as a "public nonprofit regional water district." Ark. Code Ann. § 14-116-102. Water districts are governed by a board of directors who are initially appointed by the county circuit court and then subsequently stand for election by qualified electors residing within the district. Ark. Code Ann. § 14-116-301. A person aggrieved by a water district's decisions about services or rates must seek relief from the circuit court of the county where the water district was created—not from the State. Ark. Code Ann. § 14-116-403.

constitutional immunity. *See Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401 (1979) ("[T]he Court has consistently refused to construe the [Eleventh] Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a 'slice of state power.'"); *N. Ins. Co. of N.Y. v. Chatham Cnty.*, 547 U.S. 189, 193 (2006) ("[T]his Court has repeatedly refused to extend sovereign immunity to counties.").

When asserting Eleventh Amendment immunity from suit, it is a defendant's initial burden to establish its status as an arm of the State. *See, e.g., Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 237 (2d. Cir.2006) (finding governmental entity invoking Eleventh Amendment immunity bears burden of proving that it qualifies as an arm of the state); *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002) (same); *Skelton v. Camp*, 234 F.3d 292, 297 (5th Cir. 2000) (same); *Christy v. Pa. Tpk. Comm'n*, 54 F.3d 1140, 1144 (3d Cir.1995) (same); *ITSI TV Prods., Inc. v. Agric. Ass'ns*, 3 F.3d 1289, 1292 (9th Cir. 1993) (same).

MCRWD has not met its burden here. MCRWD offers no facts or reasons, much less proof, that it is an arm of the State. For the reasons discussed above, the Court finds that MCRWD is a non-profit governmental entity which is not an arm of the State, and therefore not immune from suit under the Eleventh Amendment. Accordingly, **IT IS ORDERED** that the Motion to Dismiss (Doc. 16) is **DENIED**.

**IT IS SO ORDERED** on this 29th day of November, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE